# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Melvin J. Blue,                                    Case No. 1:19CV2531

       Petitioner

       v.                                    **ORDER**

State of Ohio, et al.,

       Respondents

Melvin J. Blue brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in connection with a criminal case in the Lorain County Court of Common Pleas, Case No. 02CR61434 ("Criminal Case"), in which he was indicted for burglary and grand theft to which he pled guilty.[1]  (Doc. 1).  Petitioner filed a Motion to proceed with this action *in forma pauperis* (Doc. 5), and I grant the Motion.

It appears from the face of the Petition that Petitioner has not exhausted his state court remedies with respect to the Criminal Case.  A federal court shall entertain a § 2254 habeas petition filed by person in custody pursuant to a state court judgment only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States.[2]  28 U.S.C. §

---

[1] Petitioner alleges that he was sentenced in the Criminal Case on January 4, 2010 to ten years of imprisonment and three years of post-release control and, I assume for the purpose of this analysis, that Petitioner is "in custody" with respect to the Criminal Case which is the subject of the Petition.  The information on the ODRC's offender search website indicates that Petitioner was released on June 27, 2019 and is under supervision for three years beginning on September 22, 2018.  *See* https://appgateway.drc.ohio.gov/OffenderSearch/Search/DetailsPrint/A580908.  If Petitioner is not in custody pursuant to the Criminal Case, I lack jurisdiction over the Petition and this case is dismissed for this additional reason.

[2] In the Petition, Petitioner also references an ongoing criminal case against him in the Lorain County Court of Common Pleas, 19CR100978, in which he was indicted for aggravated robbery and felonious assault.

2254(a). An application for a writ of habeas corpus pursuant to § 2254 shall not be granted unless it appears that Petitioner has exhausted "the remedies available in the courts of the State[.]" 28 U.S.C. § 2254(b). "State prisoners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings." *Manning v. Alexander*, 912 F.2d 878, 880-81 (6th Cir. 1990) (citing 28 U.S.C. § 2254(b), (c); *Rose v. Lundy,* 455 U.S. 509 (1982)). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Id.* (citing among authority *Justices of Boston Mun. Court v. Lydon,* 466 U.S. 294, 302-03 (1984)); *see also* 28 U.S.C. § 2254(c). It is Petitioner's burden to establish that he has fully exhausted his available state court remedies with respect to the grounds for relief asserted in the habeas petition. *See Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987) (citing *Hopkins v. State,* 524 F.2d 473, 474-75 (5th Cir. 1975)).

The face of the Petition does not establish that Petitioner has exhausted his state court remedies. Accordingly, I must dismiss the Petition pursuant to Rule 4 of the Rules Governing Section 2254 cases for failure to exhaust.

It is, therefore,

ORDERED THAT:

(1) This action (Doc. 1) be, and the same hereby is, dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 cases for failure to exhaust;

(2) Petitioner's motion to proceed *in forma pauperis* (Doc. 5) be, and the same hereby is, granted; and

(3) I hereby certify, in accordance with 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So ordered.

/sJames G. Carr
Sr. U.S. District Judge